**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM WOODALL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-01151** |
| | ) | **Judge Trauger** |
| **RUTHERFORD COUNTY ADULT** | ) | |
| **DETENTION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff William Woodall, Jr., while he was an inmate at the Rutherford County Adult Detention Center (RCADC), filed a civil rights complaint under 42 U.S.C. § 1983 concerning the conditions of his confinement. (Doc. No. 1.) Along with his Complaint, the plaintiff filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) On February 2, 2026, the plaintiff gave notice that he had been released from the RCADC but nevertheless wanted to move forward with his suit. (Doc. No. 5.)

The case is before the court for ruling on the plaintiff's IFP application and motion and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. APPLICATION TO PROCEED IFP**

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. The plaintiff's IFP application substantially complies with these requirements and

demonstrates that he lacks the funds to prepay the entire filing fee. His IFP application (Doc. No. 2) is therefore **GRANTED**.

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-*

*Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. Allegations of the Complaint

The Complaint names one defendant, the RCADC. (Doc. No. 1 at 2.) It invokes Plaintiff's Eighth Amendment rights, claiming that he was deprived of physical activity due to overcrowding. (*Id.* at 5.) The only allegations provided in the Complaint are the following: "The Jail has been overcrowded causing our rec rooms to be filled with bunks. This restricts physical activity which I need to reduce my [sugar]. They have refused me my correct medication. I am seeking declaratory relief pursuant [to] 28 USC § 2201 and 2202 and injunctive relief authorized by 28 USC § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. And my food consists of mostly bread which turns to sugar." (*Id.*) The Complaint closes by repeating the demand for declaratory and injunctive relief. (*Id.* at 6.)

C. Analysis

The Complaint fails to state any viable claim against a proper defendant. Section 1983 affords a right of action against "[e]very person who, under color of [state law]," violates another's constitutional rights. 42 U.S.C. § 1983. The only defendant named in the Complaint, the RCADC, "is not a 'person' who can be sued under 42 U.S.C. § 1983." *Rose v. Rutherford Cnty. Sheriff's Off.*, No. 3:22-CV-00046, 2022 WL 323977, at *2 (M.D. Tenn. Feb. 2, 2022) (citing cases). Moreover, even if a proper defendant had been or could be named, the Complaint's allegations are far too sparse and nonspecific to support any claim to relief that is not merely possible, but plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court cannot reasonably infer that the plaintiff suffered a constitutional violation based on his allegations that the opportunity for exercise was restricted due to RCADC rec rooms being filled with bunks; that the medication provided to the plaintiff was in some unexplained way not "correct"; or that the food served at the jail was "mostly bread."

Finally, even if the Complaint could be construed to assert any viable claim that a suable defendant violated the plaintiff's constitutional rights, it only requests declaratory and injunctive relief, and those requests were rendered moot when the plaintiff was released from the RCADC. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding "requests for declaratory and injunctive relief . . . moot because Colvin's requests were directed specifically at [old prison's] policies and procedures," and he no longer resided there) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding that request for injunctive relief from prison inspection of prisoner's mail was moot because of transfer to a different facility that did not search his mail)).

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

4